ON MOTION TO DISMISS APPEAL
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
Trial was held on the merits of this case on November 16, 1977, and the case taken under advisement in December, 1977, after briefs were filed by the parties. On January 9, 1978, George & George, Ltd., a professional law corporation, was permitted to intervene to establish its rights under an attorney-client contract with the plaintiff. Apparently an answer was filed to the petition of intervention, but no hearing has been held thereon.
On January 27, 1978, judgment on the merits was signed, which does not mention the intervention. A suspensive appeal was taken by the defendants.
In this court, Intervenor has moved to dismiss the appeal on the ground that the judgment appealed from is not final, since it does not adjudicate the rights of all the parties, particularly with respect to the intervention. It is alleged that the judgment is, therefore, interlocutory rather than final.
An intervention may be filed at any time after answer is filed, with leave of court, if it will not retard the progress of the principal action. Article 1033, Code of Civil Procedure. Principal and incidental actions, in the same suit, may be tried separately, and separate judgments rendered in each. Article 1038, Code of Civil Procedure. Article 1915 of the Code of Civil Procedure provides, in part, as follows:
“A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
“(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
“If an appeal is taken from a judgment, the trial court nevertheless shall retain jurisdiction to adjudication the remaining issues in the case.”
Under the foregoing authorities, the trial judge had the discretion to proceed as he did, and the judgment signed by him is a final appealable judgment.
*871 The motion to dismiss is therefore without merit, and is denied, at Intervenor’s cost.
MOTION DENIED.